**IN THE UNITED STATES DISRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. KRYSTALYN FOSTER,<br>    an individual,<br><br>        Plaintiff,<br><br>v.<br><br>1. TULSA'S GREEN COUNTRY STAFFING,<br>   LLC,<br>    a domestic corporation,<br><br>        Defendant. | Case No. 13-CV-371-GKF-TLW<br>Honorable Gregory K. Frizzell |

**DEFENDANT TULSA'S GREEN COUNTRY STAFFING, LLC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant, Tulsa's Green Country Staffing, LLC ("Defendant" or "Green Country"), and hereby moves the Court to dismiss the Amended Complaint filed by Krystalyn Foster ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant submits the following brief in support.

**ARGUMENT AND AUTHORITY**

**I. INTRODUCTION**

Plaintiff contacted Green Country in June of 2012 seeking employment opportunities. Plaintiff's Amended Complaint, Dkt. #16, ¶ 10. Plaintiff later completed pre-employment testing with Green Country before being referred to Data Exchange, Inc. ("Data Exchange") to interview for a position with that company. *Id.* at ¶¶ 15, 19. Plaintiff now complains she was not hired by Data Exchange because Green Country knew or should have known that Data Exchange discriminated against her during its interview process and failed to take corrective action, thereby participating in the discrimination. *Id.* at ¶¶ 32-35. Plaintiff further alleges that after she reported the discrimination to

Green Country, Green Country did not follow up with her regarding additional job opportunities. *Id.* at ¶ 29.

In her Amended Complaint, Plaintiff claims that Green Country discriminated against her under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA") because it knew or should have known about the alleged discriminatory hiring process conducted by Data Exchange which resulted in Plaintiff not being hired, and it failed to take corrective action. *Id.* at ¶¶ 27-28, 31-35. Second, Plaintiff contends that Green Country discriminated against Plaintiff under 25 Okla. Stat. § 1101, *et seq.* (the "OADA"). *Id.* at ¶¶ 34-35. Finally, Plaintiff complains that Green Country retaliated against her under the ADA. *Id.* at ¶38-42. Plaintiff's Amended Complaint must be dismissed because the Plaintiff has failed to state any claim upon which relief can be granted.

## II.  THE PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Amended Complaint must be dismissed because it fails to allege plausible claims as required by Fed. R. Civ. P. 8(a)(2), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's allegations are examples of the type of generic and conclusory allegations courts have found to be legally deficient. It is now well-recognized that:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Under this revised standard, [the 10th Circuit] explained in *Ridge at Red Hawk, L.L.C. v. Schneider*: the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* [P]laintiff has a reasonable likelihood of mustering factual support for these claims. The burden is on the [P]laintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. "Factual allegations must be enough to raise a right to relief above the speculative level."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal citations omitted) (quoting *Twombly*, 550 U.S. at 547, 556; quoting *Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). If the

Plaintiff's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the [Plaintiff has] 'not nudged [her] claims across the line from conceivable to plausible.' The allegations must be enough that, if assumed to be true, the [P]laintiff plausibly (not just speculatively) has a claim for relief." *Id.* (quoting *Twombly*, 550 U.S. at 570) (internal citation omitted). The Tenth Circuit has recognized that "'[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[, and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Similarly, where the facts pled "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Busby v. City of Tulsa*, 2012 U.S. Dist. LEXIS 70838, at *2 (N.D. Okla. May 22, 2012) (quoting *Iqbal*, 556 U.S. at 679).

When measured against these pleading standards, it is clear that Plaintiff's Complaint fails to state a claim for relief under the ADA or the OADA. Therefore, Plaintiff's Amended Complaint should be dismissed.

### A.  Plaintiff's Amended Complaint Fails to State a Plausible Discrimination Claim

The Plaintiff fails to state a claim plausible on its face under the *Twombly* and *Iqbal* standards because she has not alleged facts imputing Data Exchange's acts to Green Country, nor has she alleged Green Country controls Data Exchange's hiring practices. For the Plaintiff to allege claim for discrimination under the ADA, she must allege: "(1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) she was discriminated against because of her disability." *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004). Without conceding that the Plaintiff has sustained the pleading requirements for the first two elements of her claim, Plaintiff's claim should be dismissed, as she has not supported her conclusory allegation that Green Country had knowledge of or

3

participated in Data Exchange's allegedly discriminatory actions.  The Plaintiff only makes a threadbare recital of the elements of her claim, which are supported by mere conclusory statements, and cannot be taken as true.  *See Bixler*, 596 F.3d at 756.

Plaintiff's allegation that "Defendant knew or should have known of Data Exchange Inc.'s discrimination and participated in the discrimination[,]" (Amended Complaint, Dkt. # 16, ¶32), is a prototypical example of a legal conclusion supported by mere conclusory statements.  *See Bixler*, 596 F.3d at 756.  First, Plaintiff does not assert facts supporting that Green Country discriminated against her, and Plaintiff's conclusory allegation that Green Country participated in the discrimination is weakened by her own factual allegations.  Plaintiff states that after she passed Green Country's pre-employment testing, she was told to "report to Data Exchange to receive her schedule." *Id.* at ¶¶ 15, 17.  Then, after Plaintiff was allegedly subjected to Data Exchange's discriminatory practices, she called Green Country in tears and a Green Country agent "apologized for sending Plaintiff to [that] hostile situation and said that Defendant would not have sent Plaintiff there if they knew [that] would happen." *Id.* at ¶ 25.  Finally, Plaintiff states that the agent said Green Country would "seek out additional employment opportunities for Plaintiff." *Id.* at ¶ 25.  Plaintiff's discrimination charge against Green Country is significantly undermined by these factual allegations, which pronounce Green Country's clearly nondiscriminatory conduct.  These allegations do not allow the Court to infer even the possibility that Green Country committed any misconduct. *Busby*, 2012 U.S. Dist. LEXIS 70838, at *2.  Consequently, Plaintiff fails to plead that Green Country took any direct discriminatory actions against her.

Second, Plaintiff's attempt to ascribe Data Exchange's discriminatory conduct to Green Country must be rejected because she does not allege the essential fact that Green Country had any control over Data Exchange.  *See Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1322 (10th Cir.

2004).[1]  Plaintiff only makes the unsupported assertion that Green Country "knew or should have known of Data Exchange, Inc.'s discrimination and participated in the discrimination[,]" (Plaintiff's Amended Complaint, at ¶ 27).  Plaintiff's allegation that Green Country "did not conduct any of the required corrective actions, [and] participated in the discrimination[,]" (Plaintiff's Amended Complaint, at ¶28), is equally unsupported and conclusory, as Plaintiff does not allege what (if any) corrective actions were within Green Country's control to take.  *See Watson v. Adecco Employment Servs.*, 252 F. Supp. 2d 1347, 1357 (M.D. Fla. 2003) (holding that "corrective measures available to [employment agency] are limited, for [defendant], a private company, cannot force its client, another private company, not to discriminate or run its business in a certain manner."); *Shah v. Digital Intell. Sys. Inc.*, 2013 U.S. Dist. LEXIS 61081, at *20 (N.D. Ill. Apr. 29, 2013) (dismissing plaintiff's claim when it did not allege facts demonstrating how the defendant could have addressed discriminatory conduct by another business).  Plaintiff does not assert facts vital to a plausible claim for discrimination against Green Country, and "[w]hatever the strength of [Plaintiff's] discrimination charge against [Data Exchange], she cannot hold [Green Country] liable for [Data Exchange's] actions]." *Sandoval* 388 F.3d at 1322; *C.f. Neal v. Manpower Int'l, Inc.*, 2001 U.S. Dist. LEXIS 25805, 33 (N.D. Fla. Sept. 17, 2001) (finding that employment agency cannot be held liable for conduct by an employer-client's agent).  Plaintiff has made sweeping allegations that contain primarily innocent conduct, and she has not nudged her claims across the line from conceivable to plausible.  *See Robbins* 519 F.3d at 1247.  Therefore, Plaintiff fails to plead a plausible case for discrimination against Green Country, and her Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] *Sandoval* requires a plaintiff claiming that a defendant is directly liable for a third party employer's discriminatory actions to plead either that the defendant took some discriminatory actions against the plaintiff or that the defendant was able to control the third party employer's hiring decisions.  *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1321-2 (10th Cir. 2004).

### B. Plaintiff's Amended Complaint Fails to State a Claim under the OADA

Plaintiff's claim of discrimination under the Oklahoma Anti-Discrimination Act (the "OADA") must be dismissed because Plaintiff fails to state a claim upon which relief can be granted under either federal or state law.  Pursuant to Oklahoma statute, employment discrimination is prohibited against the disabled.  25 Okla. Stat. § 1302.  However, Plaintiff's claim fails under Oklahoma law because the courts, including this Court, have recognized that the "protections provided by the OADA are 'co-extensive with the protections provided by federal law under the ADA,' [P]laintiff's OADA claim fails 'if her federal discrimination claims fail.'" *Hamilton v. Oklahoma City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) (quoting *McCully v. American Airlines, Inc.*, 695 F.Supp.2d 1225, 1246–47 (N.D. Okla. 2010); *See also Barzellone v. City of Tulsa*, 2000 U.S. App. LEXIS 5987, at *15 (10th Cir. Mar. 31, 2000) (unpublished).  Therefore, because Plaintiff has failed to plead a plausible claim of discrimination under the ADA, her corresponding claim under the OADA must similarly be dismissed because she has failed to state a claim upon which relief can be granted.

### C. Plaintiff's Amended Complaint Fails to State a Retaliation Claim under the ADA

Plaintiff's retaliation claim under the ADA must be dismissed because she has not alleged that she suffered an adverse employment action caused by Green Country.  To correctly make a claim for retaliation under the ADA, the Plaintiff must allege that: "(1) she engaged in protected opposition to [ADA] discrimination or participated in a[n] [ADA] proceeding; (2) she suffered an adverse employment action contemporaneous with or subsequent to such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action." *Cisneros v. Wilson*, 226 F.3d 1113, 1132-33 (10th Cir. 2000) (overruled on other grounds).   The Plaintiff has failed to sufficiently plead the second element of her claim, which necessarily causes her claim to fail on the third element as well.

6

First, although Plaintiff would like to contend that Green County had some obligation to refer her for additional employment opportunities, the ADA does not impose such a duty.[2] Second, Plaintiff fails to adequately plead the second element of her claim because she does not allege what, if any, adverse employment action she suffered at the hands of Green Country. Considering Plaintiff's allegation that "[Green Country's] agent . . . instructed Plaintiff that [Green Country] would seek out other employment opportunities for Plaintiff[,]" (Plaintiff's Amended Complaint, at ¶ 25), Plaintiff contradicts her argument that Green Country intended to retaliate against her. Although the Tenth Circuit maintains a broad definition for 'adverse employment action,' "its existence . . . does not extend to a mere inconvenience." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1189 (10th Cir. 2002). Finally, Plaintiff's conclusory allegation that she "suffered an adverse employment action from [Green Country] contemporaneous or subsequent to her opposition to Data Exchange Inc.'s discrimination[,]" (Plaintiff's Amended Complaint, at ¶ 47), does not support her claim that Green Country caused any "materially adverse employment action." *See Perez v. St. John Med. Ctr.*, 2009 U.S. Dist. LEXIS 93385, at *46 (N.D. Okla. Oct. 6, 2009) aff'd, 409 F. App'x 213 (10th Cir. 2010) (unpublished) (finding that Title VII plaintiff could not establish a prima facie case of retaliation because he could not show that he suffered an adverse employment action caused by the defendant). This is another legal conclusion devoid of factual support, which cannot be taken as true. *Bixler*, 596 F.3d at 756. Because Plaintiff has not pled facts sufficient for the Court to infer more than a "mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the [Plaintiff] is entitled to relief.'" *Busby*, 2012 U.S. Dist. LEXIS 70838, at *2. Therefore, the Plaintiff's retaliation claim must be dismissed because she fails to state a plausible claim on which relief can be granted.

---

[2] The ADA does not separately define 'employment agency' nor does it require an employment agency to refer applicants in the same way as § 2000e-3(a) in Title VII. No authority has been located extending or inferring such a cause of action for disability claims.

## III. CONCLUSION

Plaintiff has failed to state plausible claims under federal or state law, elements of those laws, or to allege facts supporting the claims alleged.

WHEREFORE, based upon the foregoing reasons, Defendant respectfully requests that this action and all of Plaintiff's claims contained therein be dismissed with prejudice, that Plaintiff take nothing, and that Defendant be awarded its costs, expenses, attorneys' fees, and such other and further relief as this Court deems just.

Respectfully submitted,

**STRECKER & ASSOCIATES, P.C.**


 /s/ David E. Strecker
David E. Strecker, OBA # 8687
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Telephone:    (918) 582-1716
Facsimile:     (918) 582-1780

**ATTORNEY FOR DEFENDANT,
TULSA'S GREEN COUNTRY STAFFING,
LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Charles C. Vaught, OBA #19962**
1401 South Cheyenne
Tulsa, OK 74119-3440
918-582-2500
918-388-0100 (fax)
cvaught@amstronglowe.com (e-mail)
**ATTORNEY FOR PLAINTIFF**

　　　　　　　　　　　　　　　　　　　　　　　　__/s/ David E. Strecker_____